IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–00813–CMA–KMT

GUY PAQUET, and
ELIZABETH PAQUET,

    Plaintiffs,

v.

MARK SMITH,

    Defendant.

## ORDER

    This matter is before the court on Plaintiffs' "Motion to Amend Complaint" (Doc. No. 24, filed October 4, 2010). Plaintiffs seek to amend their complaint to "clarify their specific allegations of fact based upon statements of opposing counsel that the complaint needs to state which contract the Defendant breached . . . ." (Doc. No. 24 at 2.)

    Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave (to amend the pleadings) when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the

> merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

Though Plaintiffs state Defendants' oppose the Motion, Defendants did not file a response. The Scheduling Order was issued on August 3, 2010, and the case is in the early stages of litigation. Moreover, no trial date has been set. Finally, the court finds no showing of undue delay, bad faith or dilatory motive, undue prejudice, or futility.

Therefore, it is

**ORDERED** that Plaintiffs' "Motion to Amend Complaint" (Doc. No. 24) is GRANTED. The Clerk of Court shall file Plaintiffs' "Amended Complaint" (Doc. No. 24-1). It is further

**ORDERED** that Defendant shall respond to the Amended Complaint in accordance with Fed. R. Civ. P. 15 and other applicable rules.

Dated this 29th day of October, 2010.

BY THE COURT:

_____
Kathleen M Tafoya
United States Magistrate Judge