IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–00813–CMA–KMT

GUY PAQUET, and
ELIZABETH PAQUET,

      Plaintiffs,

v.

MARK SMITH,

      Defendant.

## **ORDER**

This matter is before the court on Defendant's "Motion to Amend Counterclaims" (Doc. No. 33, filed January 11, 2011). Plaintiffs filed suit on April 9, 2010, asserting claims for breach of contract, breach of implied covenant of good faith and fair dealing, repudiation of contract anticipatory breach, conversion, and civil theft. (*See* Doc. No. 1.) On October 29, 2010, this court allowed Plaintiffs to amend their Complaint to clarify specific factual allegations. (*See* Doc. Nos. 26, 27.) On November 12, 2010, Defendant filed his "Answer and Counterclaims." (Doc. No. 31.) Plaintiffs filed their "Reply to Counterclaim" on November 26, 2010. (Doc. No. 32.) Defendant now wishes to amend his Answer and Counterclaims to modify a single factual averment to clarify the time period related to the allegations in his Counterclaims. (*See* Doc. No. 33 at 1-2.)

Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave (to amend the pleadings) when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

Defendant represent that the Motion is opposed. However, Plaintiffs did not file a response. The deadline for joining parties and amending pleadings was set by this court for sixty days after Defendant filed an answer to the Amended Complaint. (Doc. No. 28.) Therefore, Defendant's Motion—filed January 11, 2011—is timely. Further, the case is in the early stages of litigation. Moreover, upon review of the proposed First Amended Counterclaims and the Motion, the court finds that there has been no showing of undue delay, bad faith or dilatory motive, undue prejudice, or futility.

Therefore, it is **ORDERED**

Defendant's "Motion to Amend Counterclaims" (Doc. No. 33) GRANTED. The Clerk of Court shall file Defendant's "First Amended Counterclaims" (Doc. No. 33-1).

Dated this 9th day of February, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge