IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–00813–WJM–KMT

GUY PAQUET, and
ELIZABETH PAQUET,

    Plaintiffs,

v.

MARK SMITH,

    Defendant.

---

## ORDER

---

    This matter is before the court on Defendant Mark Smith's "Motion for Fees and Costs" [Doc. No. 98] filed May 16, 2011.  On May 17, 2011 the court ordered the plaintiffs to file a response to the motion on or before May 24, 2011.  (Minute Order [Doc. No. 100].)  As of the date of this order, no response has been filed by the plaintiffs.  Therefore, the court concludes that neither the plaintiffs nor their attorney, James E. Preston, object to the <u>amounts or calculations</u> of the fees and costs requested by defendant pursuant to the court's May 2, 2011 order.  (*See* Minute Entry for Evidentiary Hearing [Doc. No. 78].)[1]

---

[1] Plaintiffs filed objections to the court's May 2, 2011 orders generally, however did not specifically object to the original award of attorney fees and lodging costs in favor of the Defendant.  [Doc. Nos. 79 and 83.]  Given the tone and tenor of the objections, however, this court construes the objections to advance disagreement with all parts of the court's orders, including the award of fees and costs to the Defendant.  In any event, the objections embodied in

As a result of the court's granting of Defendant's "Motion for Protective Order" [Doc. No. 47] and Defendant's "Motion to Compel and Request for Hearing" [Doc. No. 67], and upon the failure of Plaintiffs and their counsel to attend the hearing set with agreement of all counsel on the motions, the court awarded sanctions pursuant to Fed. R. Civ. P. 37(a)(5). The Rule provides

> (5) Payment of Expenses; Protective Orders.
>     (A) If the Motion Is Granted (or Disclosure or Discovery Is
>     Provided After Filing). If the motion is granted--or if the
>     disclosure or requested discovery is provided after the motion was
>     filed--the court <u>must</u>, after giving an opportunity to be heard,
>     require the party or deponent whose conduct necessitated the
>     motion, the party or attorney advising that conduct, or both to pay
>     the movant's reasonable expenses incurred in making the motion,
>     including attorney's fees. But the court must not order this
>     payment if:
>         (i) the movant filed the motion before attempting in
>         good faith to obtain the disclosure or discovery
>         without court action;
>         (ii) the opposing party's nondisclosure, response, or
>         objection was substantially justified; or
>         (iii) other circumstances make an award of expenses
>         unjust.

*Id*. (emphasis added). The court specifically found and continues to find that neither subsections (i), (ii) nor (iii) apply.

Having failed to respond to the Defendant's submission of its claim for fees and costs associated with the appearances in court of the Defendant's Arizona counsel and the defendant, who flew to Colorado from his home in Arizona on Sunday to attend the hearing scheduled on

---

Doc. Nos. 79 and 83 were overruled by District Judge Christine Arguello on May 9, 2011. [Doc. No. 91.]

Monday morning, the court concludes that the plaintiffs agree that the submitted fees and costs are reasonable. The defendant provided justification and background for the hourly attorney fee rate for attorneys Louis Lopez and William Garehime. The court sees nothing overtly unreasonable about the attorney fees as submitted given no objection from the plaintiffs. Therefore, attorney's fees in the amount of $5,066.59 are accepted and awarded.

The lodging expenses submitted for Sunday, May 1, 2011 were $225.55 for the defendant and $266.04 for counsel, Louis D. Lopez. This one night's lodging was necessitated by the requirement that the defendant and his counsel appear in person at the hearing on Monday morning, May 2, 2011. That hearing–which Mr. Preston, counsel for plaintiffs, specifically and emphatically demanded during an earlier conference on March 21, 2011–was intended finally to resolve several of the contested discovery issues. The May 2, 2011 hearing could not proceed as scheduled because the plaintiffs and their counsel disobeyed the court's order.[2] The court notes that the *per diem* rate allowable for government employees for lodging in Denver, Colorado, on May 1, 2011 was $141.00 plus applicable tax. The hotel chosen by the defendant and his counsel charged city room tax of 10.75% and state room tax of 4.10%. Applied to a room rate of $141.00, the applicable taxes would be $20.94. Therefore, the court will award as reasonable costs for lodging on May 1, 2011 for the defendant and for his counsel, Mr. Lopez, $161.94 each, or $323.88. Therefore, the total award pursuant to Rule 37 is $5,390.47.

---

[2] No costs were awarded with the costs of transportation of the defendant or his counsel to Colorado from Arizona because both were required to be in Denver, Colorado on Tuesday and Wednesday of the same week for depositions.

As noted in Rule 37, the sanctions may be awarded against "the party or attorney advising that conduct." *Id.* It is apparent to the court that the plaintiffs would have been in court on May 2, 2011 for the 9:00 a.m. hearing had they not received improper advice from their counsel that further delay could be obtained by simply refusing to travel due to a fortuitous small winter storm. In fact, when advised on Monday morning that the court had ordered the plaintiffs –and their counsel– to be in Denver ready for the long-planned depositions to begin on Tuesday morning, May 3, 2011, Plaintiffs immediately began driving to Denver and were present as ordered for the depositions on May 3, 2011. Mr. Preston, however, continued to tarry rather than perform his obligations in the case. Of all the parties and attorneys ordered to be in Denver, Colorado, beginning on May 2, 2011 and throughout the remainder of the week, only Mr. Preston persisted in his dilatory behavior and, in fact, never appeared in Denver during that week at all. Therefore, the court awards the sanctions in this matter against attorney James E. Preston as being the sole person responsible for the behavior occasioning the unnecessary and unwarranted fees and costs borne by Defendant Mark Smith in connection with the two motions.

Therefore, it is **ORDERED**

James E. Preston, attorney for Plaintiffs, shall pay to defendant, Mark Smith, the total sum of $5,390.47 pursuant to Fed. R. Civ. P. 37(5). Such sum shall be due and payable within 30 days of this Order.

Dated this 27th day of May, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge