**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-00813-WJM-KMT

GUY PAQUET and
ELIZABETH PAQUET,

       Plaintiffs,

v.

MARK SMITH,

       Defendant.

---

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION ON THE
MAGISTRATE JUDGE'S ORDER AWARDING COSTS TO DEFENDANT**

---

On April 9, 2010, Plaintiffs filed the instant action bringing contract and tort claims against Defendant.  (ECF No. 1.)  On May 21, 2010, the Court referred this case to Magistrate Judge Kathleen M. Tafoya pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72(a) and (b).  (ECF No. 5.)

On May 27, 2011, Magistrate Judge Tafoya ordered that James E. Preston, then attorney for Plaintiffs, shall pay to Defendant Mark Smith the total sum of $5,390.47 for attorney's fees and costs, pursuant to Fed. R. Civ. P. 37(5) (the "Order").  (ECF No. 104.)  Before the Court is Plaintiffs' Motion for Relief from Magistrate Judge Tafoya's May 27, 2011 Order, filed on June 22, 2011. (ECF No. 119.)  For the reasons set forth below, Plaintiffs' Motion is DENIED.

## I.  LEGAL STANDARD

While Plaintiffs bring their Motion for Relief pursuant to Federal Rule of Civil

Procedure 60(b)(6), that rule is not applicable here as no judgment has entered. *See*

Fed. R. Civ. P. 60(b) (allowing a party to move to "relief from judgment").  Because

Plaintiffs seek review of a non-dispositive ruling entered by a Magistrate Judge, the

Court will apply the standard set forth in Federal Rule of Civil Procedure 72(a).

In considering objections to such non-dispositive rulings by a Magistrate Judge,

the Court must adopt the Magistrate Judge's ruling unless it finds that the ruling is

"clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A);

*Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997); *Ariza v. U.S. West*

*Communications, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996).  The clearly erroneous

standard "requires that the reviewing court affirm unless it on the entire evidence is left

with the definite and firm conviction that a mistake has been committed." *Ocelot Oil*

*Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988).  The "contrary to law"

standard permits "plenary review as to matters of law," 12 Charles Alan Wright, Arthur

R. Miller, Richard L. Cooper, Federal Practice and Procedure § 3069, at 355 (2d ed.

1997), but the Court will set aside a Magistrate Judge's order only if it applied the wrong

legal standard or applied the appropriate legal standard incorrectly.  *See Wyoming v.*

*United States Dep't of Agriculture*, 239 F.Supp. 2d 1219, 1236 (D. Wyo. 2002).

"Because a magistrate judge is afforded broad discretion in the resolution of non-

dispositive . . . disputes, the court will overrule the magistrate judge's determination only

if his discretion is abused."  *Ariza v. U.S. West Communications, Inc.*, 167 F.R.D. 131,

133 (D. Colo. 1996); *see also* Wright *et al.*, *supra*, at 350 (noting that the "contrary to

law" standard appears to invite plenary review but noting that "many matters . . . might

be better characterized as suitable for an abuse-of-discretion analysis.").

## II. ANALYSIS

The Court reviews Magistrate Judge Tafoya's Order only to determine if it is clearly erroneous or contrary to law.  The Court finds that it is neither.  The Order sets out the correct legal standard, reviews all the penitent facts, and correctly applies those facts to the law.  The Order weighs the facts set forth and ultimately finds that attorney James E. Preston is the sole person responsible for the behavior occasioning the unnecessary and unwarranted fees and costs borne by Defendant Mark Smith.  Furthermore, the Order reviewed the fees and costs submitted by Defendant and found that they were reasonable.

In the instant Motion, Plaintiffs allege that their actions were reasonable and therefore no sanctions were warranted.  (ECF No. 119 at 3-4.)  However, the Magistrate Judge found otherwise, and Plaintiffs have failed to show that the Magistrate Judge's Order was clearly erroneous or contrary to the law.  As such, there is no reason for the Court to disturb that ruling.

## III. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion, ECF No. 119, is DENIED.

Dated this 21st day of February, 2012.

BY THE COURT:

William J. Martínez
United States District Judge